AO 91 (Rev. 08/09)   Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Ohio

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  **1:26-mj-00243** |
| ANTONIO SANDERS | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____December 23, 2025_____ in the county of _____Hamilton_____ in the _____Southern_____ District of _____Ohio_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Possession of Firearm by a Prohibited Person |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

NICHOLAS RADEBAUGH
Digitally signed by NICHOLAS RADEBAUGH
Date: 2026.03.26 15:35:27 -04'00'

*Complainant's signature*

Nicholas Radebaugh, Special Agent, BATFE
*Printed name and title*

Attested to by the applicant by reliable electronic means, specifically, FaceTime video conference, in accordance with the requirements of Fed. R. Crim. P. 4.1.

Date: **Mar 26, 2026**

*Stephanie K. Bowman*

*Judge's signature*

City and state: _____Cincinnati, Ohio_____

Stephanie K. Bowman, United States Magistrate Judge
*Printed name and title*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

**AFFIDAVIT**

I, Nicholas Radebaugh, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of a criminal complaint pursuant to Rule 4 of the Federal Rules of Criminal Procedure, Charging Antonio SANDERS with a violation of U.S.C. 922(g)(1), Possession of a Firearm by a Prohibited Person.

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and have been employed since May of 2018.  As a part of my training with the ATF, I graduated from the Federal Law Enforcement Training Center (FLETC), Criminal Investigator School, located in Glynco, Georgia.  I also graduated from the ATF Special Agent Basic Training Academy, located in Glynco, Georgia, on November 15, 2018. I am currently assigned to the Crime Gun Intelligence Center (CGIC) which investigates criminal organizations, firearm related crimes, and firearm trafficking in the Southern Judicial District of Ohio. Prior to my employment with ATF, I was a Federal Air Marshal with the Department of Homeland Security in New York, New York for six years. From 2008 to 2011, I was a member of the Orlando Police Department, where I served as a patrol officer in the Bravo District of Orlando, FL. I am an Army veteran with the 82nd Air Borne Division, where I served as a Counterintelligence Agent, and I hold a Bachelor of Science Degree in Criminal Justice from Grand Valley State University, located in Grand Rapids, MI. In addition to graduating from the ATF academy, I have also graduated from Uniform Police Training

Program FLETC academy, City of Orlando Police Academy, and the Federal Air Marshal FLETC academy.

3. I have received training in narcotics, gang, and firearms investigative techniques, firearm laws and regulations, as well as training in electronic surveillance methods.  I have participated in numerous investigations involving the illegal possession of firearms, firearms trafficking, and firearms related violent crime. I have also been involved in the investigation of several National Integrated Ballistics Network (NIBIN[1]) leads related to violent crimes in Cincinnati, Ohio that were committed by known and unknown person(s).

4. I have received training in electronic surveillance techniques and analysis of digital evidence. I have experience in the investigation, apprehension, and prosecution of individuals suspected of being involved in federal firearms offenses and offenses of violence.

5. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, law enforcement, and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

---

[1] The National Integrated Ballistics Network (NIBIN) is a nationwide data network administered by the Bureau of Alcohol Tobacco and Firearms (ATF) that is comprised of 3-dimensional microscopic images of shell casings collected from crime scenes and test fire cartridges generated from recovered crime guns by law enforcement agencies across the country.  These crime scene and test fire cartridges are collected, imaged, and submitted by the respective agencies for comparison to existing submissions contained within NIBIN.  NIBIN correlates these submissions into likely matches that are subsequently verified by a NIBIN examiner, and subsequently subjected to a peer-review process, that determines multiple shell casings were generated by the same firearm which resulted in unique tooling marks and characteristics being transferred from the firearm to each shell casing.  This information results in the publishment of an investigative lead showing commonalities between each crime event.

**PROBABLE CAUSE**

6. In October 2025, ANTONIO SANDERS became a person of interest to the Cincinnati Police Department (CPD), in reference to shootings and other violence in the Cincinnati area. Specifically, SANDERS became a person of interest in an October 2025 shooting at Shelton Garden Apartments, located at 2000 Westwood Northern Blvd, Cincinnati, Ohio 45225. SANDERS was captured on surveillance video shooting a firearm in the parking lot of the Shelton Garden Apartments complex. SANDERS was also a suspect in a subsequent assault at 3619 Clarion Avenue, where he was captured on surveillance video violently hitting a male subject with a 2x4 of lumber and eventually telling the subject "I'm going to kill you." SANDERS was known to CPD officers and as a person who was captured on surveillance video in both the above-described incidents. CPD continued to investigate SANDERS for possible violations of law, including whether SANDERS illegally possessed firearms as a convicted felon.

7. SANDERS' was residing at 3619 Clarion Avenue, Apartment 8 based upon review of a surveillance camera in the common area hallway of the apartment building.

8. On December 12, 2025, SANDERS was captured on surveillance video walking down the back staircase of 3619 Clarion Avenue.  Based on my review of the surveillance footage, and my training and experience investigating firearms offenses and reviewing video of offenders carrying firearms, I believe that SANDERS was captured on surveillance video in possession of a barrel of shotgun protruding from the front pocket of his black hooded sweatshirt.

9. Based upon the above-described surveillance of SANDERS, CPD obtained a Hamiton County search warrant for SANDERS' residence, located at 3619 Clarion Ave,

Apartment 8, Cincinnati, Ohio 45207, which is in the Southern District of Ohio. CPD executed the search warrant on December 23, 2025.

10. During the search of the apartment, officers found a firearm (what appeared to be a shotgun) inside of a black backpack. Also in the backpack were three rounds of ammunition, one shotgun cartridge, an empty rifle magazine, and other firearm accessories. These items were found in the same room as SANDERS' Ohio identification card and clothing belonging to SANDERS.

11. On December 23, 2025, after detaining SANDERS at the search warrant location, SANDERS was read his rights by CPD Officer Carver and waived them to speak with Officer Carver and myself. The interview took place in the back of a patrol cruiser and was video and audio recorded.  The following portion of this report is a synopsis of the interview and is not a verbatim record of the interview with SANDERS.

12. SANDERS stated in the interview that he knew about the shotgun found inside of the residence and claimed that he had touched it when he first saw it. SANDERS also said that he familiar with the other items that were found inside of the backpack, including other firearm accessories.

13. Based on my training and experience, I believe that SANDERS knowingly possessed the shotgun recovered inside the black backpack. My belief is based on my observations of the barrel of a shotgun protruding from SANDERS' sweatshirt in surveillance video captured in the hallway of SANDERS' residence; my knowledge that SANDERS was living at 3619 Clarion Avenue, Apartment 8—the same apartment where the shotgun was found; and SANDERS' statements that he knew the shotgun

was inside the apartment, had touched it, and knew about the contents of the black backpack where the shotgun was found.

14. An ATF Interstate Nexus expert examined the shotgun taken in the search warrant and determined, based upon his training, experience and qualifications, the following:

   a. The shotgun taken in the search warrant is a Iver Johnson Arms and Cycle Works, model Champion, 16-gauge shotgun, bearing serial number 29040B and is a weapon designed to expel a projectile by the action of an explosion, and is therefore, a firearm under federal law.

   b. The Iver Johnson Arms and Cycle Works, model Champion, 16-gauge shotgun, bearing serial number 29040B shotgun taken in the search warrant was manufactured in Fitchburg, Massachusetts and, therefore traveled in interstate commerce before it was recovered in Ohio on December 23, 2025.

15. I reviewed SANDERS' criminal history and determined that, before December 23, 2025, SANDERS had been convicted of crimes punishable by a term of imprisonment exceeding one year. Further, because SANDERS was sentenced to a term of imprisonment exceeding one year (as detailed below), I believe that before December 23, 2025, SANDERS knew that he had been convicted of a crime punishable by a term of imprisonment exceeding one year.

16. Specifically, I learned SANDERS had the following felony convictions:

   a. On February 6, 2023, SANDERS was convicted of robbery, a felony of the third degree, in Hamilton County, Ohio, Court of Common Pleas Case Number B2201549. Robbery is a felony and is punishable by a term of imprisonment

exceeding one year. For this conviction, SANDERS was sentenced to a term of imprisonment of 24 months.

b.  On April 29, 2019, SANDERS was convicted of Trafficking Heroin, a felony in the third degree, in Hamilton County, Ohio, Court of Common Pleas Case Number B1901179.  Trafficking in Heroin is punishable by a term of imprisonment exceeding one year.  For this conviction, SANDERS was sentenced to a term of imprisonment of 9 months.

c.  On May 11, 2011, SANDERS was convicted of Having a Weapon Under Disability, a felony of the third degree, in Hamilton County, Court of Common Please Case Number B1007715A.  Having a Weapon Under Disability is punishable by a term of imprisonment exceeding one year.  For this conviction, SANDERS was sentenced to a term of imprisonment of 5 years.

d.  On May 11, 2011, SANDERS was convicted of Aggravated Robbery with a firearm specification a felony of the first degree, and convicted of Felonious Assault, a felony of the second degree.  Aggravated Robbery and Felonious Assault are punishable by a term of imprisonment exceeding one year.  For these convictions, SANDERS was sentenced to a total aggregate imprisonment of 6 years.

17. All of the events described above occurred in the Southern District of Ohio.

## CONCLUSION

18. For the reasons stated above, I submit that there is probable cause to believe that on December 23, 2025, in the Southern District of Ohio, ANTONIO SANDERS

committed a violation of 18 U.S.C. § 922(g)(1), Possession of Firearm by a Prohibited

Person.

I declare under penalty and perjury that the foregoing is true and correct to the best of my

knowledge.

Respectfully submitted,

NICHOLAS RADEBAUGH
Digitally signed by NICHOLAS RADEBAUGH
Date: 2026.03.26 15:36:10 -04'00'

Nicholas Radebaugh
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Subscribed and sworn to before me by reliable electronic means, specifically, FaceTime video conference, in accordance with the requirements of Fed. R. Crim. P. 4.1, on March  26 , 2026.

HON. STEPHANIE K. BOWMAN
UNITED STATES MAGISTRATE JUDGE